ROSSIN v. PETIGOR.

(Supreme Court, Appellate Term. May 19, 1904.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE—RESULT.

A new trial will be granted for newly discovered evidence when it appears that it could not have been discovered by due diligence, and that it will probably change the result.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Louis Rossin against Morris Petigor. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

L. B. Brodsky, for appellant.
A. B. Greenberg, for respondent.

PER CURIAM. This action was brought for alleged negligence in injuring a soda fountain owned by the plaintiff, and alleged to have been removed from the place of business of one Solomon, to whom plaintiff had rented it. The issues were sharply contested, and the testimony was very conflicting. Subsequent to the trial the defendant, upon affidavits setting forth a quantity of newly discovered evidence, moved for a new trial. This motion was bitterly contested and denied. An examination of the affidavits used upon this motion would indicate that the evidence had been discovered since the trial, that it could not have been obtained before trial by the exercise of due diligence, and that

¶ 1. See New Trial, vol. 37, Cent. Dig. §§ 203, 226.

it is of such a character as might with reasonable certainty be expected to change the result. We are satisfied from a careful examination of the whole case that it will be in the interest of justice to order a new trial.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. ·